ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| JORGE E. GARCÍA FERRERAS **Apelado** V. LUISA GUIJARRO MIERES **Apelante** | TA2025AP00464 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Fajardo Caso Núm.: BY2018CV03859 Sobre: División o Liquidación de la Comunidad de Bienes |
|---|---|---|

Panel integrado por su presidenta, la Juez Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez

**Ronda Del Toro, Juez Ponente**

# RESOLUCIÓN

En San Juan, Puerto Rico, a 26 de noviembre de 2025.

Comparece ante nos Luisa Guijarro Mieres (Peticionaria) por conducto de su representación legal mediante un Recurso de Apelación instado el 22 de octubre de 2025. En su recurso, nos solicita que se revoque la Sentencia emitida por el Tribunal de Primera Instancia (TPI) el 22 de septiembre de 2025, en donde declara "Ha Lugar" una Moción de Sentencia Sumaria. Por su parte, el Recurrido comparece ante nos mediante alegato de la Parte Apelada.

Acogemos el recurso como *certiorari* por tratarse realmente de una resolución y no de una sentencia final, aunque por error se llama Sentencia. El TPI no se pronunció en torno a la Reconvención presentada por la Peticionaria el 2 de octubre de 2019.

Por los fundamentos que expondremos a continuación expedimos el auto de *certiorari* y dejamos sin efecto la *mal llamada Sentencia*, que es en efecto una Resolución.

# I.

El 30 de octubre de 2018, Jorge Eduardo García Ferreras (Recurrido) presentó una Demanda sobre División de Comunidad de Bienes y Cobro de Dinero en contra de la Peticionaria.[1] El bien principal que surge de la demanda y fue adquirido en común *proindiviso* es un bien inmueble localizado en el Condominio Vistas del Cacique, Apt. 7372 en el Municipio de Rio Grande.[2] Además, se reclamó una cuantía de $75,000.00,[3] por motivo de un préstamo que se realizó a favor de la Peticionaria para que pudiera abrir un negocio de recogido de escombros.[4] Posteriormente, el 19 de febrero de 2019, se diligencio el emplazamiento a la Peticionaria.[5]

El 2 de octubre de 2019, la Peticionaria presentó su Contestación a la Demanda y una **Reconvención** en la cual solicito al Recurrido bienes muebles en su posesión, gastos incurridos y daños, entre otros.[6] El 3 de diciembre de 2019, el Recurrido presentó su Alegación Responsiva a Reconvención, en síntesis, negó la mayoría de las alegaciones.[7]

El 21 de septiembre de 2020, la Peticionaria presentó una Contestación Enmendada a Demanda y Reconvención Enmendada. Las enmiendas que se llevaron a cabo giraron en torno a aclarar fechas y cuantías y para incluir una liquidación de participación de una corporación.[8]

---

[1] Véase entrada de SUMAC TPI núm. 1.
[2] *Íd.*
[3] El Tribunal de Primera instancia mediante una Minuta dispuso que la causa de acción de cobro de dinero ordinario se tiene que llevar en un pleito aparte. Véase entrada de SUMAC TPI núm. 133.
[4] *Íd.*
[5] Véase entrada de SUMAC TPI núm. 9.
[6] Véase entrada de SUMAC TPI núm. 31
[7] Véase entrada de SUMAC TPI núm. 35.
[8] Véase entrada de SUMAC TPI núm. 57.

El 19 de marzo de 2024, se llevó a cabo la Conferencia con Antelacio a Juicio.[9] Surge de la minuta de la Conferencia que la fecha en que se realizaría el juicio sería el 7 de junio de 2024.[10] Simultáneamente surgieron unos inconvenientes por razones médicas de ambas partes, primero por parte de la Abogada del Recurrido,[11] y posteriormente por la Peticionaria,[12] en virtud del cual se solicitó la transferencia del juicio en su fondo. El 7 de junio de 2024, el TPI reséñalo la vista para el 30 de agosto de 2024.[13] Luego, el 26 de agosto de 2024, el Recurrido presentó una Moción ofreciendo excusas al tribunal, debido a que no se habían percatado de la fecha para el señalamiento del juicio y su cliente estaría celebrando su boda para esa fecha en Casa de Campo en República Dominicana.[14]

El 29 de septiembre de 2024, el TPI emitió una Resolución el cual reséñalo el juicio en su fondo para el 4 de abril de 2025.[15] Además, impuso una sanción de $500.00 a la parte Apelada por dilatar los procesos judiciales.[16]

El 2 de abril de 2025, la Peticionaria presentó una Moción informativa y otros extremos en la cual señalan que su cliente se encontraba enferma y tenía una cita médica al día siguiente.[17] Asimismo, le solicitaron al tribunal que la parte compareciera mediante videoconferencia.[18] El 3 de abril de 2025, el TPI expuso que "considerada la postura de ambas partes, así como el tracto que revela el extenso expediente judicial en este asunto, se

---

[9] Véase entrada de SUMAC TPI núm. 132.
[10] Véase entrada de SUMAC TPI núm. 133.
[11] Véase entrada de SUMAC TPI núm. 134.
[12] Véase entrada de SUMAC TPI núm. 135.
[13] Véase entrada de SUMAC TPI núm. 139.
[14] Véase entrada de SUMAC TPI núm. 142.
[15] Véase entrada de SUMAC TPI núm. 142.
[16] Véase entrada de SUMAC TPI núm. 142.
[17] Véase entrada de SUMAC TPI núm. 165. Como parte de la Moción se adjuntó un certificado médico en el cual se le recomienda cinco (5) días de descansos. *Íd.* No se desprende de dicho certificado que condición tenía la Apelante.
[18] *Íd.*

declara No Ha Lugar la solicitud de comparecencia por videoconferencia de la parte demanda. Se mantiene el Juicio en su Fondo según calendarizado, de manera presencial".[19]

Surge de la Minuta del Juicio en su fondo, llevado a cabo el 11 de abril de 2025, que la Peticionaria no acudió.[20] Asimismo, se le exhorto a su representante legal que contactara a su cliente, esta replico que "tenía un certificado médico y que no iba a comparecer (. . .)".[21] El TPI reséñalo el juicio nuevamente para el 6 de junio de 2025.[22] Además, le impuso sanciones a la Peticionaria por la cantidad de $1,000 por no comparecer como $800 de honorarios de abogado.[23]

El 15 de julio de 2025, el Recurrido presentó su Moción en Solicitud de Sentencia Sumaria.[24] Luego, el 18 de agosto de 2025, la Peticionaria sometió su Contestación a Solicitud de Sentencia Sumaria.[25] Destacamos que si muy bien la Peticionaria identifico cuales hechos materiales a su juicio están en controversia *no cumplió* con los dispuesto en la Regla 36.3 (b)(2) y (3) en torno a los párrafos enumerados por la parte promovente que están de buena fe controvertidos y la enumeración de hechos que no están en controversia, respectivamente. (Énfasis suplido).

El 22 de septiembre de 2025, el TPI emitió su sentencia en la cual declaro "Ha Lugar" la Solicitud de Sentencia Sumaria del Recurrido. El TPI expuso las siguientes determinaciones de hechos probados:

1. El demandante Jorge García Ferreras, estuvo casado con la demandada Luis[a] Guijarro Mieres desde el 15 de noviembre de 2003, hasta el 14 de mayo de 2018.

---

[19] Véase entrada de SUMAC TPI núm. 169.
[20] Véase entrada de SUMAC TPI núm. 180.
[21] *Íd.*
[22] *Íd.*
[23] *Íd.*
[24] Véase entrada de SUMAC TPI núm. 209.
[25] Véase entrada de SUMAC TPI núm. 216.

Las partes se divorciaron en el Tribunal de Familia y Menores de Bayamón, caso DDI2018-0358.

2. Las partes otorgaron capitulaciones matrimoniales de absoluta separación de bienes, el 11 de noviembre de 2004, las cuales surgen en la Escritura Núm. 26 de la Notario María Ramírez Abarca de ese mismo año.

3. Luego de celebrado el matrimonio, las partes, como comuneros, adquirieron el bien inmueble ubicado en Vistas del Cacique, Apt. 7372 Rio Grande, PR. De la Escritura de Compraventa ambos surgen como compradores.

4. La demandada nunca hizo aportación alguna para la adquisición del inmueble, ni de los pagos de hipoteca, pagos de mantenimiento, ni de los muebles, y del cuadro. Así lo acepto esta por conducto de su abogado en sus mociones y en la vista con antelación a juicio.

5. El demandante hizo el pago de gastos de cierre de su patrimonio, sin que la demandada aportara cantidad alguna.

6. El demandante adquirió un cuadro, por la cantidad de $7,150.00 de su pecunio privativo, el cual la demanda mantuvo bajo su posesión a pesar de no haber efectuado aportación alguna.

7. De la prueba que obra ante este tribunal surge que el demandante ha hecho todos los pagos de hipoteca, de su patrimonio privativo desde la compra hasta el presente, sin que la demandada haya aportado cantidad alguna para ello. Por lo que tiene el crédito sobre ellos.

8. El complejo de vivienda tiene un pago por concepto de mantenimiento por la cantidad aproximada de $500.00 mensuales (ha variado), los cuales ha hecho exclusivamente el demandante de su patrimonio, sin que la demandada haya efectuado pago alguno.

9. Asimismo, el demandante, tiene créditos por todos los pagos que efectuó en todos los renglones antes mencionados desde que fueron adquiridos, hasta su divorcio, así también desde el divorcio hasta el día de hoy.

10. Los bienes que se encuentran bajo la atención de la demandada de división de bienes son:

    a) Inmueble ubicado en Condominio Vistas del Cacique, Apt. 7372, Rio Grande Puerto Rico.
    b) Muebles del interior del apartamento.
    c) Cuadro por el valor de $7,150.00[.]

**OBLIGACIONES:**

    a. Préstamo hipotecario con Banco Popular de Puerto Rico.
    b. Pago de mantenimiento del apartamento.

### Créditos del demandante

    a. Pagos de hipoteca: 228 meses pagados por el demandante:
- 225 pagos a razón de $3,667.65 = $757,721.25
- 3 pagos a razón de $4,012.36 = $12,037.08

    Total = $769, 758.33
    b. Pagos de Mantenimiento    = $47, 858.46

    (*Sin contar con las partidas pagadas previo a la fecha en que la asociación del complejo no tiene evidencia por el paso del tiempo*)
    c. Gastos de cierre    = $11, 643.76

**Total [de] créditos por pagos de hipoteca, mantenimiento y gastos de cierre = $829,260.55[.]**

11. El valor de la propiedad inmueble es $539, 847. 00.
12. El balance de cancelación de hipoteca en Banco al 31 de marzo de 2025 es de $223, 345[.] 73.
13. El *equity* de la propiedad es $316, 501.27.
14. La demandada acepto que todos los pagos de la hipoteca del inmueble, gastos de cierre, pagos por mantenimiento, así como de los muebles de su interior y del cuadro, fueron hechos por el Demandante de manera exclusiva.
15. El total por los créditos reclamados por [el] demandante ascienden a $836,410.55.
16. Surge de la Minuta del 4 de abril de 2025, así como de las mociones presentada en las **Entradas 181, 188, 190**, la resolución interlocutoria del 20 de mayo de 2025, la demandada ha incumplido con las ordenes emitidas por este tribunal. Asimismo, no ha controvertido ni ha presentado prueba en contrario sobre las cantidades, o alegados créditos a su favor.
17. Al día del juicio y esta fecha, la demandada no ha aportado evidencia o documento alguno sobre créditos para sí. De hecho, únicamente como parte de la Contestación a Sentencia Sumaria del Demandante, anejó unas fotos de alegados alquileres del apartamento de Rio Mar, lo cual es sorpresivo y tardío, nunca traída como parte del Informe con Antelación a Juicio, ni evidencia de los días, horas, o personas que han alquilado, ni las cantidades. Solo recortes de fotos.
18. Asimismo, de la contestación a solicitud de sentencia sumaria que presentara la demandada, surge que ésta hace menciona [sic] una serie de "exhibits" y documentos, los cuales nunca fueron desfilados en la vista con antelación a juicio (PT) celebrado en el 2024.[26]

El TPI también le impuso el pago de honorarios de abogado por la cantidad de $800.00 como la suma de $2,200.00 por concepto de honorarios por temeridad a ser pagados en un plazo de cuarenta y cinco (45) días so pena de desacato.[27]

Inconforme con esta determinación, el 22 de octubre de 2025, la Peticionaria presentó un Recurso de Apelación ante esta *curia.* Como hemos indicado, acogimos el mismo como un *certiorari* porque no reúne los requisitos de una sentencia, conforme a lo dispuesto en la Regla 42.3 de las Reglas de Procedimiento Civil 32A LPRA Ap. V. En su escrito el Peticionario hace los siguientes señalamientos de errores:

---

[26] Véase entrada de SUMAC TPI núm. 218.
[27] *Íd.*

### A. PRIMER ERROR

"ERR[Ó] EL TRIBUNAL DE PRIMERA INSTANCIA AL EMITIR UNA SENTENCIA SUMARIA A PESAR DE LA EXISTENCIA DE CONTROVERSIA SOBRE HECHOS MATERIALES ESENCIALES" [.]

### B. SEGUNDO ERROR

ERR[Ó] EL TRIBUNAL DE PRIMERA INSTANCIA Y ABUSO DE DISCRECIÓN AL IMPONER SANCIONES ECONÓMICAS BASADO EN TEMERIDAD" [.]

## II.

### A. Certiorari

El recurso de *Certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. Pueblo v. Rivera Montalvo, 205 DPR 352, 372 (2020). A su vez, se ha indicado que "el *certiorari* es un mecanismo extraordinario que procede, discrecionalmente, cuando no hay otro mecanismo disponible." Pueblo v. Guadalupe Rivera, 206 DPR 616, 632 (2021). A diferencia del recurso de apelación, el tribunal superior puede expedir el auto de *certiorari* de manera discrecional. Pueblo v. Rivera Montalvo, *supra*; Pueblo v. Díaz de León, 176 DPR 913, 917-918 (2009).

El Tribunal Supremo ha indicado que la discreción significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. Pueblo v. Rivera Santiago, 176 DPR 559, 580 (2009); Pueblo v. Ortega Santiago, 125 DPR 203, 211 (1990). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". Pueblo v. Ortega Santiago, *supra*. Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean

arbitrarias o en abuso de su discreción. <u>Pueblo v. Rivera Santiago</u>, *supra*, pág. 581.

La Regla 52.1 de Procedimiento Civil, 32A LPRA Ap. V, nos faculta a revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, cuando se recurre de la denegatoria de una moción de carácter dispositivo, como lo es la Moción de Sentencia Sumaria. R. Hernández Colon, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6.ª ed. rev. San Juan, 2017, pág. 533.

### B. Moción de Sentencia Sumaria

Es norma reiterada que nuestro ordenamiento procesal civil reconoce el uso y valor del mecanismo de la sentencia sumaria como vehículo para asegurar la solución justa, rápida y económica de aquellos litigios de naturaleza civil en los que no existe una controversia genuina en torno a los hechos materiales que componen la causa de acción que se contempla. <u>Universal Company y otros v. ELA</u>, 211 DPR 455, 472 (2023); <u>Roldán Flores v. M. Cuebas, Inc.</u>, 199 DPR 664, 672 (2018); <u>Rodríguez Méndez v. Laser Eye</u>, 195 DPR 769, 785 (2016); <u>Meléndez González et al. v. M. Cuebas</u>, 193 DPR 100, 109 (2015); <u>SLG Zapata-Rivera v. J.F. Montalvo</u>, 189 DPR 414, 430 (2013); <u>Ramos Pérez v. Univisión</u>, 178 DPR 200, 213 (2010).

Tal herramienta posibilita la pronta resolución de una controversia cuando no se requiera la celebración de un juicio en su fondo. Ahora bien, para que proceda este mecanismo es necesario que, de los documentos no controvertidos, surja de que no hay una controversia real y sustancial sobre los hechos materiales del caso. <u>Universal Company y otros v. ELA</u>, *supra*; <u>Ramos Pérez v. Univisión</u>, *supra*, pág. 214.

La Regla 36.1 de Procedimiento Civil, establece que "una parte que solicite un remedio podrá, presentar una moción fundada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación solicitada." 32A LPRA Ap. V, R. 36.1. Un hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. Universal Company y otros v. ELA, *supra*; Meléndez González et al. v M. Cuebas, *supra*; Ramos Pérez v. Univisión, *supra*, pág. 213.

Así pues, para adjudicar en los méritos una controversia de forma sumaria, es necesario que, de las alegaciones, deposiciones, contestaciones a interrogatorios, admisiones, declaraciones juradas y de cualquier otra evidencia ofrecida, surja de que no existe controversia real y sustancial en cuanto a algún hecho material y que, como cuestión de derecho, procede dictar sentencia sumaría a favor de la parte promovente. Pérez Vargas v. Office Depot, 203 DPR 687, 698 (2019); Regla 36.3 de Procedimiento Civil, 32A LPRA Ap. V.

La parte promovida, por su parte, deberá presentar una oposición a la solicitud de sentencia sumaria debidamente fundamentada. Rodríguez Méndez v. Laser Eye, *supra*, pág. 787. No podrá descansar solamente en las aseveraciones o negaciones contenidas en sus alegaciones, sino que deberá contestar en forma detallada y específica, como lo hiciera la parte solicitante. BPPR v. Zorrilla Posada y Otro, 214 DPR 329, 338

(2024); Bobé et al. v. UBS Financial Services, 198 DPR 6, 21 (2017); 32 LPRA Ap. V, R. 36.3(e).

La omisión en presentar evidencia que rebata aquella presentada por el promovente, no necesariamente implica que procede dictar sentencia sumaria de forma automática. Mun. de Añasco v. ASES et al., 188 DPR 307, 327 (2013); Córdova Dexter v. Sucn. Ferraiuoli, 182 DPR 541, 556 (2011); González Aristud v. Hosp. Pavía, 168 DPR 127, 138 (2006). Solo procede dictar sentencia sumaria cuando surge de manera clara que, ante los hechos materiales no controvertidos, el promovido no puede prevalecer ante el Derecho aplicable, y el Tribunal cuenta con la verdad de todos los hechos necesarios para poder resolver la controversia. Meléndez González et al. v. M. Cuebas, *supra*, pág. 109.

Si el cúmulo de la evidencia demuestra que en efecto no hay controversia sustancial respecto a algún hecho esencial y pertinente, el tribunal deberá dictar sentencia sumaria, si procede como cuestión de derecho. Esto es, si el derecho así lo justifica. Regla 36.3 de Procedimiento Civil, 32A LPRA Ap. V, R. 36.3; Universal Company y otros v. ELA, *supra;* Oriental Bank v. Perapi et al., 192 DPR 7, 25 (2014).

Al revisar una determinación de primera instancia, sobre una solicitud de sentencia sumaria, como foro intermedio podemos: (1) considerar los documentos que se presentaron ante el foro primario, (2) determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y (3) determinar si el derecho se aplicó de forma correcta. Segarra Rivera v. Int'l Shipping, et al., 208 DPR 964, 981 (2022); Meléndez González et al. v. M. Cuebas, *supra*, pág. 114. Así pues, el Tribunal de

Apelaciones se encuentra en la misma posición del Tribunal de Primera Instancia al momento de revisar solicitudes de sentencia sumaria. Esta revisión es una *de novo*. <u>BPPR v. Zorrilla Posada y Otro</u>, *supra*; <u>Cruz López v. Casa Bella</u>, 213 DPR 980,994(2024); <u>Segarra Rivera v. Int'l Shipping, et al.</u>, *supra*; <u>Meléndez González et al. v. M. Cuebas</u>, *supra*, pág. 116.

### C. Sentencias relativas a reclamaciones o partes múltiples.

La Regla 42. 1 de Procedimiento Civil, 32A LPRA Ap. V, dispone que una sentencia "incluye cualquier determinación del Tribunal de Primera Instancia que resuelva finalmente la cuestión litigiosa y de la cual pueda apelarse". Por otro lado, la Regla 42.3 de Procedimiento Civil, 32 LPRA Ap. V, rige lo relacionado a las Sentencias sobre reclamaciones o partes múltiples, dicha regla dispone que:

> Cuando un pleito comprenda más de una reclamación, ya sea mediante demanda, *reconvención*, demanda contra coparte o demanda contra tercero, o figuren en él partes múltiples, el tribunal podrá dictar sentencia final en cuanto a una o más de las reclamaciones o partes sin disponer de la totalidad del pleito, siempre que concluya expresamente que no exista razón para posponer que se dicte sentencia sobre tales reclamaciones hasta la resolución total del pleito, y siempre que ordene expresamente que se registre la sentencia.

> Cuando se haga la referida conclusión y orden expresa, la sentencia parcial dictada será final para todos los fines en cuanto a las reclamaciones o los archivos en autos copia de su notificación, comenzaran a transcurrir en lo que a ella respecta los términos dispuestos en las Reglas 43.1, 47, 48 y 52.2.

El tratadista Hernández Colon resalta que cuando un tribunal adjudica una reclamación, como lo sería una reconvención el tribunal tiene que establecer que no existe razón para posponer dictar sentencia sobre tal reclamación hasta la resolución total del pleito, y debe instruir expresamente el registro de la sentencia. R.

Hernández Colon, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6.ª ed. rev., San Juan, 2017, pág. 313. Estas conclusiones especiales le imparten carácter de finalidad a la sentencia parcial. *Íd*.

## III.

El 30 de octubre de 2018, el Recurrido presento una Demanda sobre División de Comunidad de Bienes y Cobro de Dinero. Luego, el 2 de octubre de 2019, la Peticionaria presento su Contestación a Demanda y Reconvención. Asimismo, el 3 de diciembre de 2019 el Recurrido presento su Alegación Responsiva a Reconvención. Del caso de autos no surge pronunciamiento alguno por parte del TPI en donde se adjudique la Reconvención como parte de una Sentencia relativa a reclamaciones múltiples. Mucho menos existe una conclusión especial por parte del TPI según lo exige la Regla 42.3 de Procedimiento Civil en donde exponga que no existe razón para posponer dictar sentencia sobre tal reclamación hasta la resolución total del pleito. Por consiguiente, no se concretiza el que se le imponga el carácter final a la reconvención mediante una sentencia parcial.

Posteriormente, el 15 de julio de 2025, el Recurrido presento una Moción en Solicitud de Sentencia Sumaria en la cual enumero dieciocho (18) hechos que según él no están en controversia. La Peticionaria presento su contestación a la Sentencia Sumaria el 18 de agosto de 2025, en la cual no controvirtió los hechos de la Moción.

El 22 de septiembre de 2025, el TPI emitió una llamada Sentencia en la cual declaro "Ha Lugar" la solicitud de Sentencia Sumaria. No obstante, dicha Moción de Sentencia Sumaria tenía que ser declarada "Ha Lugar", bajo una Sentencia Parcial debido a que existían controversias que todavía no se habían adjudicado

como era la Reconvención instada por la Peticionaria, pero optó por dictar una denominada sentencia que no cumple los requisitos tampoco de una Sentencia Parcial. En la llamada sentencia existían varios hechos en controversia que fueron determinados como que no están en controversia. Lo que realmente el TPI dicto fue una Resolución pues no contiene las expresiones de derecho que requiere una Sentencia Parcial como antes expresamos. Del TPI haber adjudicado la Reconvención también en la Sentencia y realizado una adjudicación de hechos completa, de todas las controversias planteadas por las partes, podría haber adjudicado la Moción de Sentencia Sumaria, sin embargo, esto no fue el caso.

De las controversias que encontramos pendientes de adjudicación están los derechos de las partes en términos del valor de un bien inmueble comprado durante el matrimonio y los pagos que le correspondían a cada cual realizar. Esa determinación está en controversia y ello invalida las determinaciones de hechos pues, realmente están en controversia los hechos 10, 11, 12, 13, 14 y 15. Lo adquirido como comuneros por un matrimonio con capitulaciones crea derecho y obligaciones a las dos partes del matrimonio. Ello no está explicado en esa resolución que aquí dejamos sin efecto.

El foro primario le corresponde evaluar en detalle la reconvención presentada por los demandados y entonces evaluar la solicitud de Sentencia Sumaria, tomando en cuenta la totalidad de los hechos planteados por las partes, conforme el derecho aplicable.

La evaluación de la Reconvención hay que hacerla y ello permitirá decidir si se atiende por Resolución o Sentencia la solicitud de sentencia sumaria, que aún no se puede atender.

## IV.

Por los fundamentos que expondremos a continuación expedimos el auto de *certiorari* y dejamos sin efecto la llamada Sentencia que es en realidad una resolución y el Tribunal debe continuar los procedimientos según aquí explicado.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.  La Juez Lotti Rodríguez concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones